IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYA FITZGERALD, | ) | |
| | ) | Civil Action No. 11 - 515 |
| Petitioner, | ) | |
| | ) | District Judge David S. Cercone |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, et al | ) ) ) | ECF No. 10 |
| Respondents. | | |

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 10) be granted, the Petition for Writ of Habeas Corpus be dismissed as untimely, and a certificate of appealability be denied.

**II.     REPORT**

Petitioner, Kenya Fitzgerald, a state prisoner currently incarcerated at a state correctional institute in Dallas, Pennsylvania, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. (ECF Nos. 1, 6.) Upon consideration of the petition, the Court ordered Respondents to show cause why the relief in the petition should not be granted. Thereafter, Respondents filed a Motion to Dismiss the Petition for Writ of Habeas Corpus asserting that the petition was untimely filed. (ECF No. 10.) Petitioner filed objections to the motion. (ECF No. 15.) As discussed hereinafter, the Court finds that the petition is untimely and must be dismissed.

1

## A. Relevant Procedural History

On December 5, 2002, Petitioner was charged by information with criminal homicide and related offenses. (ECF No. 10-1 at 4.) Petitioner pled not guilty, a trial was conducted, and, on September 19, 2003, a jury found Petitioner guilty of murder in the first degree, simple assault, reckless endangerment, and carrying an unlicensed firearm. (ECF No. 10-1 at 5.) The state trial court sentenced Petitioner to a term of life imprisonment without parole on December 19, 2003. (ECF No. 10-1 at 6.) Post sentence motions were filed on December 23, 2003, and relief was denied on January 15, 2004. (ECF No. 10-1 at 6.)

Petitioner appealed his conviction, and the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence by order and opinion dated June 21, 2005. (ECF No. 10-1 at 16.) Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on July 20, 2005, and the court denied the petition on December 27, 2005. (ECF No. 10-1 at 16.) Petitioner filed a timely Petition for Writ of Certiorari to the United States Supreme Court, and the Court denied the petition on October 2, 2006. (ECF No. 10-1 at 18.)

On August 28, 2007,[1] Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). (ECF No. 10-1 at 9.) Counsel was appointed for Petitioner and an amended petition was filed on June 19, 2008. (ECF No. 10-1 at 10.) The PCRA court dismissed the petition on August 26, 2008, and Petitioner appealed. (ECF No. 10-1 at 10, 20.) The Superior Court affirmed the dismissal of the PCRA petition on August 5, 2009. (ECF No.

---

[1] This is the filing date under the "mailbox rule." Pennsylvania and federal courts employ the prisoner mailbox rule. *See* Perry v. Diguglielmo, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing. *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

10-1 at 21.) Thereafter, Petitioner filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which was denied on March 9, 2010. (ECF No. 10-1 at 21.)

Pursuant to the mailbox rule, Petitioner filed the instant Petition for Writ of Habeas Corpus on April 12, 2011. (ECF No. 1.)

### B. Time Period for Filing Federal Habeas Corpus Petitions

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). Respondents contend that the petition must be dismissed because each of Petitioner's claims are untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). Pursuant to the AEDPA, Congress imposed a one-year limitations period applicable to state prisoners, which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, on direct appeal, Petitioner filed a timely Petition for Writ of Certiorari to the United States Supreme Court, and cert was denied on October 2, 2006. Consequently, direct review of Petitioner's conviction became "final" on October 2, 2006. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit for filing a writ of certiorari in the Supreme Court). Thus, Petitioner had one year from that date, *i.e.*, until October 2, 2007, to file a federal habeas corpus petition challenging his conviction.

Under section 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. As noted above, Petitioner's one-year limitation period started running on October 2, 2006, and continued to run for 330 days until Petitioner filed his PCRA petition on August 28, 2007. Assuming Petitioner's petition was properly filed, the time was tolled until March 9, 2010, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. *See* Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition). At that time, only 35 days of Petitioner's one-year limitation period remained. Thus, Petitioner had until April 13, 2010, to file his petition for writ of habeas corpus absent any more tolling from properly filed state court post-conviction proceedings. However, no further state court post-conviction proceedings were initiated and Petitioner did not file his habeas petition until April 12, 2011, approximately one year later. Therefore, his petition is untimely.

Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions in AEDPA triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Furthermore, Petitioner has not made any showing that the doctrine of equitable tolling should be applied in this action. AEDPA's one-year limitation in section 2244(d) is a statute of limitations, not a jurisdictional bar, and it therefore may be equitably tolled:

> . . . equitable tolling is proper only when the principles of equity would make the rigid application of a limitation unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. Id. at 978.

Petitioner seems to assert that the one-year limitations period should be equitably tolled because he is actually innocent. The Court notes that neither the United States Supreme Court nor the Third Circuit Court of Appeals have determined whether a credible claim of actual innocence can equitably toll the AEDPA's limitations period. *See* Reed v. Harlow, No. 09-4576, 2011 U.S. App. LEXIS 21093, 2011 WL 4914869, at *2 n.2 (3d Cir. 2011). But the Supreme Court has explained that to establish actual innocence, a petition must offer "new reliable evidence − whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence − that was not presented at trial." Bousley v. United States, 523 U.S. 614, 623 (1998); *see also* Schlup v. Delo, 513 U.S. 298 (1995); Hubbard v. Pinchak, 378 F.3d 333, 339 (3d Cir. 2004) (explaining that, to be credible, petitioner's assertion of actual innocence must show it is more likely than not that no reasonable juror would have convicted him in light of new evidence presented in habeas petition). Moreover, the Third Circuit has stated that, even if it did recognize actual innocence as a tolling exception, a petitioner would "still have the burden of demonstrating that he exercised reasonable diligence in bringing his claim." Reed,

No. 09-4576, 2011 U.S. App. LEXIS 21093, 2011 WL 4914869, at *2 n.2. In response to his petition being untimely, Petitioner merely states that he has maintained his innocence before, during, and after trial. (ECF No. 15 at 3.) Thus, even if actual innocence could warrant equitable tolling, tolling is not justified in this case because Petitioner has not come forward with new evidence that would be likely to preclude his conviction by a reasonable juror.

The discussion above reveals that the Petition for Writ of Habeas Corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's federal habeas petition was untimely. Accordingly, a certificate of appealability should be denied.

**III.   CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 10) be granted, the Petition for Writ of Habeas Corpus be dismissed as untimely, and a certificate of appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  January 25, 2012

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc:   Kenya Fitzgerald
      FQ-4597
      S.C.I. at Dallas
      1000 Follies Road
      Dallas, PA  18612

      Counsel of record.